IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCANDALE ASSOCIATED BUILDERS | : | No. 03cv1773 |
| & ENGINEERS, LTD., | : | |
| | : | Judge Jones |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BELL JUSTICE FACILITIES CORP., | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

May 19, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Three motions are pending before the Court. First, the plaintiff, Scandale

Associated Builders & Engineers, Ltd. ("Plaintiff" or "Scandale") filed a Motion

for Summary Judgment (doc. 49) on March 31, 2006. Second, the defendant, Bell

Justice Facilities Corp. ("Defendant" or "Bell") filed a Motion for Partial Summary

Judgment (doc. 47) on March 31, 2006. Finally, Bell filed a Motion for Leave to

File an Answer (doc. 56) on April 24, 2006.

For the reasons that follow, Bell's Motion for Leave to File an Answer will

be granted to the extent provided herein. Plaintiff's Motion for Summary Judgment

and Defendant's Motion for Partial Summary Judgment will be dismissed without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND:**

This case arises out of a breach of contract dispute between the parties regarding concrete work that Plaintiff performed pursuant to a written fixed-price subcontract with Defendant as part of the construction of the United States Penitentiary/Federal Prison Camp at Canaan, Pennsylvania for the United States Department of Justice, Federal Bureau of Prisons.

On or about September 10, 2003, Plaintiff filed a complaint against Defendant in the Court of Common Pleas of Wayne County, Pennsylvania.  On October 6, 2003, pursuant to 28 U.S.C. § 1446, Defendant filed a Notice of Removal with this Court.  That same day, Defendant filed a Motion to Dismiss Count III of the complaint which was granted by Order of December 5, 2003. (Rec. Doc. 12).  The remaining counts of Plaintiff's complaint assert breach of contract (Count I), "unresolved additional direct cost issues" and delay and impact costs (Count II), and interest and penalties purportedly due under the Pennsylvania Contractors and Subcontractors Payment Act (Count IV).

Defendant did not file an answer to Plaintiff's complaint or raise any affirmative defenses.  The time for filing or amending pleadings expired May 31,

2004.  Discovery proceeded and closed.  On March 31, 2006, Plaintiff and

Defendant filed respective Motions for Summary Judgment which have been

briefed by the parties.  On April 24, 2006, Defendant filed a Motion for Leave to

File an Answer, which has been briefed.  The Motions are therefore ripe for

disposition.

## **DISCUSSION**:

We initially note that in the Motion for Leave to File an Answer, Defendant

argues that the answer was not filed previously due to excusable neglect, that

Plaintiff will not be prejudiced because Defendant previously disclosed the bases

for its defenses to Plaintiff's complaint and no additional discovery is necessary,

and that Defendant will be prejudiced if leave is not granted because Plaintiff asserts

that Defendant may not raise any defenses to Plaintiff's claims except for those set

forth in Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(h).  Defendant

accordingly contends that for good cause shown and in the interest of justice, its

Motion should be granted.  Defendant maintains that it had drafted an answer and

intended to file it on October 6, 2003 with other pleadings filed that day; however,

despite several conversations between Defendant's local counsel and its out-of-

town counsel, the answer was inadvertently not filed at that time.  Defendant

contends that the Joint Case Management Plan in the above-captioned case

3

contained detailed statements regarding its defenses to the complaint's allegations, as did answers to Plaintiff's first set of interrogatories, as well as further discovery conducted.

In response, Plaintiff opposes Defendant's Motion for Leave to File an Answer and states that contrary to Defendant's assertion, Plaintiff will be greatly prejudiced if the Court grants Defendant's Motion and that Defendant is attempting to raise defenses which were not previously pled.  "It is prejudicial and damaging to allow BELL at this late juncture to assert the above stated defenses which were not contemplated by Scandale."  (Pl.'s Br. Opp. Def.'s Mot. Leave File Answer at 2). In addition, Plaintiff maintains that it has not had any opportunity to prepare its case to respond to Defendant's proposed answer and affirmative defenses.  In that regard, Plaintiff asserts that it cannot be expected to proceed to trial without first having had the opportunity to challenge potential defenses raised by Defendant through discovery.

As accurately submitted by Plaintiff, pursuant to Fed.R.Civ.P. 8(b), Defendant was required to file a responsive pleading to Plaintiff's complaint. Federal Rule 8(b) provides, in pertinent part, as follows:

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.

4

Moreover, Fed.R.Civ.P. 8(c) addresses affirmative defenses and provides a list of affirmative defenses "and any other matter constituting an avoidance or affirmative defense" that a party shall set forth in pleading to a preceding pleading. Fed.R.Civ.P. 8(c).  Finally, Fed.R.Civ.P. 8(d) provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." Fed.R.Civ.P. 8(d).

It is undisputed by the parties that Defendant failed to file an answer or any responsive pleading to Plaintiff's complaint as required under the Federal Rules of Civil Procedure.  As pointed out by Plaintiff, all pleadings were closed on May 31, 2004 by Standing Order of this Court.  It is notable, however, that pursuant to Fed.R.Civ.P. 6(b), the Court has discretion to permit the filing of an answer beyond the time set by the Federal Rules of Civil Procedure or an order of the Court where the failure to act was the result of excusable neglect.  Federal Rule 6(b) provides, as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be

> done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(b) and (c)(2), 52(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

We first note that as a general matter, as stated by the Third Circuit Court of Appeals, it does not favor defaults and in a close case, doubts should be resolved in favor of setting aside the default and reaching a decision on the merits. Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Additionally, as submitted by Defendant, the Third Circuit Court of Appeals has held that the failure to file an answer should not result in a default unless the following three factors are evaluated and weigh in favor of disallowing an untimely answer: (1) the prejudice to the plaintiff if the untimely answer is permitted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant engaged in willful conduct or bad faith. Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982); see also Livingston Powdered Metals, Inc. v. N.L.R.B., 669 F.2d 133, 136 (3d Cir. 1982); Gross, 700 F.2d at 122-24.

With regard to the first factor, that of the prejudice Plaintiff would experience if the untimely answer is permitted by the Court, we find that any prejudice that Plaintiff may face will be greatly decreased by reopening discovery in the case sub

<u>judice</u> for a defined period of time within which Plaintiff will have the opportunity to challenge Defendant's potential defenses raised in its answer.  While we are fully cognizant that Defendant's Motion for Leave to File an Answer has been filed at this late date and while we are sympathetic to Plaintiff's assertion that further resources must now be expended to conduct further discovery, under the circumstances of this case and in the interest of justice, we find that any prejudice that Plaintiff may encounter by our granting of Defendant's Motion will be appropriately balanced by our reopening of discovery for a limited period of time.

We must now consider the second factor, namely, whether Defendant has a meritorious defense.  A review of Defendant's answer and submissions regarding the pending Motions for Summary Judgment reveal a potentially meritorious defense.  In that regard, Defendant argues that Plaintiff's delay and impact claims under Count II are barred by express provisions of the Subcontract, that they are barred by Plaintiff's execution of sworn releases pursuant to which it expressly waived claims for delay and impact, and that such claims are barred by Plaintiff's execution of change orders pursuant to which claims for delay and impact were released.  Defendant contends that even if Plaintiff had not expressly and repeatedly waived its claims for delay and impact, it cannot prove entitlement to damages nor the reasonable quantum of alleged damages.  With regard to Count IV of the

complaint, which seeks interest and penalties under the Pennsylvania Contractor and Subcontractor Payment Act, Defendant argues that the Act does not apply to projects owned by the Federal Government and that it does not apply to claims based upon alleged delay.  Alternatively, Defendant asserts that Plaintiff is not entitled to interest and penalties under the Act because it has admitted that it has not fulfilled its contractual obligations in order to obtain final payment.  While we will express no opinion as to the ultimate viability or the merits of Defendant's defense at this juncture, we find that Defendant has asserted a potentially meritorious one in its submissions to the Court.

Finally, we must determine whether Defendant engaged in willful conduct or bad faith in not filing an answer or otherwise responding to Plaintiff's complaint pursuant to the Federal Rules of Civil Procedure.  Defendant asserts that despite communications between local counsel and out-of town counsel concerning the filing of an answer on October 6, 2003, such answer was inadvertently not filed with the Court.  Defendant intended to file the answer and operated under the incorrect belief that it had been filed.  Defendant asserts that it did not realize its error until Plaintiff raised the issue in its recently filed Statement of Undisputed Material Facts filed in support of its Motion for Summary Judgment.  Accordingly, Defendant states that prior to reviewing Plaintiff's Statement of Undisputed Material

Facts, it did not realize that an error had existed with regard to filing the answer. While we find that a serious breakdown in communication occurred between counsel for Defendant, the failure to file an answer appears to have been a completely inadvertent mistake, as opposed to willful conduct or conduct taken in bad faith.

Therefore, a review of the above-referenced factors reveals that the appropriate resolution is to grant Defendant leave to file an answer to Plaintiff's complaint in the form as it is attached to its Motion within five (5) days. Defendant's failure to file an answer was due to excusable neglect pursuant to Fed.R.Civ.P. 6(b) and good cause exists for granting Defendant's Motion. Defendant's answer will accordingly be accepted for filing nunc pro tunc.  As previously noted, discovery will be reopened for a period of sixty (60) days within which time Plaintiff shall have the opportunity to challenge defenses asserted by Defendant in its answer.[1]   Plaintiff's Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment will be dismissed without prejudice.  The parties reserve the right to reassert said Motions at the close of the sixty (60) day discovery period, verbatim if they so desire.  The case sub judice

---

[1] Despite the fact that Defendant asserts that no additional discovery is necessary, out of an abundance of caution and because Plaintiff indicates that further discovery may be necessary, we will reopen the discovery period as elaborated upon above.

will be removed from the September 2006 trial term and placed on the November 2006 trial term.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Bell Justice Facilities Corp.'s Motion for Leave to File an Answer (doc. 56) is granted to the extent that Defendant is provided with leave to file an answer to Plaintiff's complaint in the form as it is attached to its Motion within five (5) days from the date of this Order.   (Rec. Doc. 56, Ex. 1).

2.  Defendant's answer will be accepted by the Court for filing <u>nunc</u> <u>pro</u> <u>tunc</u>.

3.  The Court will reopen discovery for a period of sixty (60) days within which time Plaintiff shall have the opportunity to challenge defenses asserted by Defendant in its answer.

4.  Plaintiff's Motion for Summary Judgment (doc. 49) and Defendant's Motion for Partial Summary Judgment (doc. 47) are dismissed without prejudice.  The parties reserve the right to reassert said Motions at the close of the sixty (60) day discovery period, verbatim if they so desire.

5.  This case is removed from the September 2006 trial term and placed

10

on the November 2006 trial term.

A. The following are the new case management deadlines which comport with this Court's calendar and the instant Order:

1. Sixty (60) days from the date of this Order – Discovery deadline

2. 8/1/06 – Dispositive motions deadline

3. 8/31/06 – Settlement conference

4. 10/2/06 – Pretrial conference

5. November 2006 – Bench trial

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge